# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| SHELIA HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18CV00019 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| GENERAL DYNAMICS ORDNANCE AND TACTICAL SYSTEMS, INC., | ) ) | By: James P. Jones United States District Judge |
| | ) | |
| Defendant. | ) | |

*Richard F. Hawkins, III, The Hawkins Law Firm, P.C., Richmond, Virginia, for Plaintiff; John B. Flood, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Washington, D.C., for Defendant.*

The plaintiff in this case claims that her former employer wrongfully terminated her, denied her a reasonable accommodation, and retaliated against her, all in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112–12117. For the reasons that follow, I will grant the defendant's partial Motion to Dismiss.

I.

The Amended Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

The plaintiff, Shelia Holmes, was an employee of defendant General Dynamics Ordnance and Tactical Systems, Inc. ("General Dynamics") from 1998 until June 2016. She worked at General Dynamics's Marion, Virginia, plant.

Holmes has a congenital condition called brachymetatarsia, characterized by one or more abnormally short or overlapping toes. Wearing steel-toed shoes causes friction between her toes and ulcerations on her feet. She also has diabetes. Steel-toed shoes constrict her toes, causing swelling and dangerous circulation problems. Holmes's diabetes and brachymetatarsia interfere with her major life activities of walking and standing.

Until 2013, Holmes wore tennis shoes or other loose-fitting shoes while working at General Dynamics. In 2013, General Dynamics told Holmes she would be required to wear steel-toed shoes. Holmes explained that she could not wear steel-toed shoes, provided documentation from her doctors, and requested an accommodation. She further informed General Dynamics that other employees working in the same area of the Marion, Virginia, plant did not wear steel-toed shoes.

General Dynamics declined Holmes's accommodation request and did not allow her to return to work unless she wore steel-toed shoes. After attempting for some time to convince Holmes to wear steel-toed shoes, General Dynamics terminated Holmes effective June 1, 2016. Holmes learned of her termination by letter received June 3, 2016.

Holmes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), received a Right to Sue Letter on January 24,

2018, and thereafter timely filed her Complaint in this court. She asserts that General Dynamics violated the Americans with Disabilities Act ("ADA") by terminating her employment because of her disability (Count I), denying her a reasonable accommodation (Count II), and retaliating against her for exercising her rights under the ADA (Count III).

The defendant has moved to dismiss Counts II and III of the Complaint for failure to state a claim upon which relief can be granted.[1] The Motion to Dismiss has been fully briefed and is now ripe for decision.[2]

II.

In order to survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Further, "the tenet

---

[1] General Dynamics initially moved to dismiss Count I of the Complaint, asserting that the claim was barred by the statute of limitations because Holmes had not timely filed her EEOC charge. In its reply brief, however, General Dynamics withdrew its Motion as to Count I.

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

In the context of employment discrimination claims, "a plaintiff is not required to plead facts that constitute a prima facie case" in order to survive a motion to dismiss. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)). Nevertheless, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555).

Holmes concedes that Count II is barred by the statute of limitations because General Dynamics denied her request for an accommodation more than 300 days before she filed her EEOC charge. Therefore, without objection, I will grant the defendant's Motion to Dismiss as to Count II.

The ADA prohibits an employer from discriminating against an employee because the employee made a charge under the ADA. *See* 42 U.S.C. § 12203(a). A plaintiff claiming retaliatory discharge under the ADA who lacks direct evidence of retaliation must proceed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Ullrich v. CEXEC,*

*Inc.*, 709 F. App'x 750, 753 (4th Cir. 2017) (unpublished). In the initial step, the plaintiff must establish a prima facie case by showing that: "(1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012).

Here, the allegations in the Complaint clearly establish the first two elements. General Dynamics argues that Holmes has not plausibly alleged the third element, causation, because approximately three years elapsed from the time Holmes requested an accommodation in 2013 until she was terminated in 2016. Holmes responds that because she did not return to work after her accommodation request was denied, she has adequately alleged that General Dynamics terminated her at its first opportunity following her request.

I agree with General Dynamics. The facts presently alleged are insufficient to create a plausible inference that General Dynamics terminated Holmes in retaliation for her accommodation request. The fact that she did not return to work for several years after requesting an accommodation is not determinative. General Dynamics ultimately terminated her via a letter. Had it intended to discharge her because of her request, it could have sent her a termination letter shortly after denying the request. The allegations do not show that General Dynamics terminated Holmes at its first opportunity after she engaged in protected activity.

I will therefore grant the Motion to Dismiss as to Count III. As the defendant notes, Count I also alleges in part that Holmes was terminated because of her request for an accommodation. I will grant the motion as to that portion of Count I as well. The defendant having withdrawn its Motion to Dismiss pertaining to the timeliness of the EEOC charge, the case will proceed as to the remainder of Count I, which alleges that General Dynamics terminated Holmes because of her disability.

### III.

For the foregoing reasons, the Motion to Dismiss, ECF No. 5, is GRANTED as to Counts II and III and as to the portion of Count I claiming retaliation. The Motion to Dismiss is DENIED as to the remainder of Count I.

It is so **ORDERED**.

ENTER: July 20, 2018

/s/ James P. Jones
United States District Judge